## The State vs. Hiram Andrews.

By the *stat.* of 1836, *c.* 241, in addition to the act for the punishment of felonious assaults, &c., the grand jury in their discretion may charge in one count of an indictment, found in the Supreme Judicial Court, an offence exclusively cognizable in that Court, and in another count an offence of the same class of a less aggravated character, dependant upon the same facts, of which the Court of Common Pleas has jurisdiction; and if on the trial thereof, the jury should find the accused not guilty of the higher offence, and guilty of the lesser, still judgment may be rendered on the verdict.

The defendant was indicted in the Supreme Judicial Court, the indictment containing five counts. The first count charged *Andrews* with having in his possession ten counterfeit bills of a bank in this State, knowing them to be such, with the intent to pass them as true. The second count charged him, in the same manner, with having four counterfeit bills of a bank of this State with the intent to pass them as genuine. The other three counts charged him with having the bills in his possession knowing them to be

counterfeit, and with having offered and tendered them in payment to certain individuals with intent to defraud them. The verdict was, not guilty, on the first count, and guilty on all the others. *Andrews* moved in arrest of judgment, because at the time of the finding of the indictment and of the verdict, the offences of which he was found guilty were cognizable only in the Court of Common Pleas, and not in the Supreme Judicial Court.

*Stowell,* for *Andrews,* argued, that the *stat.* 1836, *c.* 196, § 1, gives to the C. C. Pleas exclusive jurisdiction of crimes where that court had concurrent jurisdiction with the Supreme Judicial Court. The C. C. Pleas, by *stat.* 1823, *c.* 233, had concurrent jurisdiction of the offences charged in all the counts in the indictment except the first, on which there was an acquital. At the time the indictment was presented and since, the C. C. Pleas had exclusive jurisdiction of the offences of which *Andrews* was found guilty. The Court has authority to arrest the judgment for want of jurisdiction. 5 *Dane,* 230, § 20. He contended, that neither the *stat.* 1829, *c.* 433, nor that of 1836, *c.* 241, cited by the Attorney General, was intended to give the Court authority to render judgment or pass sentence where they had no jurisdiction. The prosecuting officer has no power, by putting into an indictment a count charging a higher offence, to give to this Court, jurisdiction over an offence expressly taken away by statute.

*Emery,* Attorney General, for the State. This Court has exclusive jurisdiction over the offence charged in the first count, by the express words of the *stat.* 1821, *c.* 11, and this jurisdiction yet remains unchanged. Concurrent jurisdiction is given to the C. C. Pleas, by *stat.* 1823, *c.* 233, with certain exceptions, including the offence set forth in the first count. In a case like this, the S. J. Court has power, by the *stat.* 1829, *c.* 433, and by the *stat.* 1836, *c.* 241, to award sentence on the verdict, although there is an acquittal on the first count.

The opinion of the Court was by

WESTON C. J. — The Supreme Judicial Court had jurisdiction formerly of crimes and misdemeanors generally. And the C. C. Pleas had concurrent jurisdiction of certain offences, not of a high and aggravated character. By the *statute* of 1823, *c.* 233, the

concurrent jurisdiction of that court was enlarged, but that of the Supreme Court was not restricted. But by the *stat.* of 1836, *c.* 196, the jurisdiction of the Common Pleas, where it was before concurrent, was made exclusive. The count in the indictment, upon which the defendant was acquitted, was exclusively cognizable in the Supreme Court; and the other counts, upon which he was convicted, were exclusively cognizable in the Common Pleas.

By a subsequent *stat.* of 1836, *c.* 241, § 4, it was provided, that for all offences, exclusively cognizable in the Supreme Judicial Court, the grand jury might, in their discretion, insert in the indictment one or more counts for any less offence, dependent upon the same facts, and if the accused shall be convicted upon either count in such indictment such verdict may be accepted and recorded in the court, where such trial shall be, and every such offender shall be sentenced and punished accordingly. As the trial in such case could only be in the Supreme Court, it appears to us, that no other sensible construction can be given to this provision, than that it has the effect to invest this Court, in this incidental manner, with jurisdiction over these less offences, thus charged, although generally, and by the former law, unless combined with other charges of a more aggravated nature, they might have been made exclusively cognizable in the Common Pleas. It is manifestly the intention of the legislature, that the sentence and punishment, which is to follow the conviction, should be adjudged and imposed by the court receiving and recording the verdict.

In this predicament stands the indictment under consideration. In the first count the grand jury charge an offence, exclusively cognizable in this Court. In the other counts, upon which the conviction followed, offences of the same class, but of a less aggravated character, are charged. The gravamen in the first count consists in being possessed of ten counterfeit bills, of the *Kenduskeag Bank*, knowing them to be such, with intent to utter them as true. No conviction upon this count could legally follow, unless it was proved that he was possessed, with the criminal intent charged, of as many as ten such bills. There being a failure of proof to this extent, the defendant was acquitted upon this count. But he was convicted upon the other counts, which taken together, charge

that he was, at the time averred in the first count, possessed of seven such counterfeit bills, *with the same* criminal intent, consummated by actually uttering and passing some of them as genuine. We are of opinion, that it may be well intended, that these seven bills were part of the ten, set forth in the first count; and therefore that the other counts were dependent upon the same facts, upon which the first was based. And the motion in arrest of judgment is accordingly overruled.